O'Donnell Unemployment Compensation Case.

Argued March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*W. J. Krencewicz,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., April 13, 1961:

In this unemployment compensation case benefits were denied to the claimant-appellant, Charles O'Donnell, on the ground that he left his employment voluntarily without good cause and was, therefore, barred from benefits under the provisions of §402(b) of the act, 43 PS §802(b). The bureau, the referee and the board of review all reached the same conclusion.

Appellant became employed on August 1, 1960 as a milk route salesman by J. H. Brokhoff, Inc., Pottsville, Pennsylvania, as a result of a referral from the

local office. On August 3, 1960, about 4:30 p.m., after working only that day, appellant telephoned his employer and informed him that he was not going to report for work any more because he felt he was not able to do the job. As a result of this notice the employer hired a replacement to take appellant's place. Appellant reconsidered his action and reported to the employer the following day at 8:00 a.m. (not at 3:45 a.m., his starting time) and was told that he had been replaced.

The appellant's argument for reversal of the board's decision is twofold: (1) that the termination of his employment must be considered to be with cause of a necessitous and compelling nature in that although he notified his employer in the afternoon of August 3, 1960 that he did not feel he was capable of doing the required work and, therefore, he would not continue working, he nevertheless did report for work on August 4, 1960 at 8:00 a.m. (four hours and fifteen minutes past starting time), requesting that he be allowed to work because he had reconsidered his action, and (2) that the work of a milk route salesman was injurious to his health. As to the first reason, it is only necessary to say that the appellant admits that he informed his employer on August 3, 1960 he could not perform the work involved and, as a result, a replacement was hired. Thus the appellant's unemployment was brought about by his own act and he cannot cast the burden upon the employer for not rehiring him.

As to the second question that the work was injurious to his health, the record reveals that he never informed his employer of this condition. Further, the fact that he had reconsidered his action in quitting the job and was willing to continue working indicates that his ulcer was not a factor in his decision to give up the job. Likewise, the appellant never informed

the bureau of any physical condition prohibiting him from accepting a suitable job.

Decision affirmed.